# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE T. D.V.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 2:20-cv-00292-AFM <br><br> **MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING DECISION OF THE COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying her application for disability insurance benefits. In accordance with the Court's case management order, the parties have filed briefs addressing the merits of the disputed issues. The matter is now ready for decision.

## BACKGROUND

On January 20, 2016, Plaintiff applied for disability insurance benefits, alleging disability beginning October 28, 2015. Plaintiff's application was denied. (Administrative Record ["AR"] 73-77.) A hearing took place on May 31, 2018 before

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

an Administrative Law Judge ("ALJ"). Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified at the hearing. (AR 28-61.)

In a decision dated June 26, 2018, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the neck and back; migraine headaches; fibromyalgia; and bilateral shoulder impingement. (AR 17.) The ALJ concluded that Plaintiff's impairments did not meet or equal any listed impairment. Further, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following restrictions: she can perform postural activities on an occasional basis; she can perform above shoulder work bilaterally on an occasional basis; and she is precluded from unprotected heights or dangerous machinery. (AR 18.) Relying on the testimony of the VE, the ALJ concluded that Plaintiff could perform her past relevant work as a medical case manager as generally performed. (AR 22.) Accordingly, the ALJ concluded that Plaintiff was not disabled. (AR 23.)

The Appeals Council subsequently denied Plaintiff's request for review (AR 1-6), rendering the ALJ's decision the final decision of the Commissioner.

**DISPUTED ISSUES**

1. Whether the ALJ erred in relying on the VE's testimony that Plaintiff could perform past relevant work as a medical case manager.

2. Whether the ALJ properly evaluated the medical opinions.

3. Whether the ALJ properly rejected Plaintiff's subjective complaints.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d

1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

In the first issue, Plaintiff contends that the ALJ improperly relied upon the VE's opinion because (a) the occupation identified by the VE does not exist; and (b) Plaintiff did not perform the occupation of case manager for long enough to satisfy the requirement of past relevant work. (ECF No. 16 at 10-13.)

Plaintiff worked as a critical care nurse from 1993 to October 2015. (AR 32, 194.) Due to pain and other symptoms, she transferred to "case management" in August 2015. As case manager, Plaintiff performed insurance approvals. She admitted patients into the hospital and "typed up everything for insurance purposes." Plaintiff testified that, as performed, case manager involved sitting for 12-hour shifts. (AR 31-32, 55-56.)[2] Plaintiff performed the work of case manager for approximately three months. (AR 31-32.)

The VE identified Plaintiff's past relevant work as: (1) critical care registered nurse, DOT 075.364-010, SVP-7, skilled, medium, but heavy as actually performed; (2) medical case manager, 075.117-917, SVP-7, skilled, sedentary; and (3) business trainer, DOT 166.227-010, SVP-7, light. (AR 56.) When the ALJ asked if an individual with Plaintiff's RFC could perform her past relevant work, the VE testified that such an individual could perform the work of medical case manager and the work of business trainer as generally performed. (AR 57-58.) The ALJ asked the VE if

---

[2] Elsewhere, Plaintiff described her modified work as an "ambulatory case manager" and indicated that it included "sitting up to 8 hours a day [and] standing up to 1 hour a day to stretch." (AR 352.)

3

there was other work within the same functional capacity that the hypothetical individual could perform. The VE responded, "Yes, unskilled, light work," and identified the occupations of laundry folder, booth cashier, and assembler, with jobs existing in numbers from 50,000 to 140,000 in the national economy. (AR 58.)

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'" *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) (citations omitted). A claimant's former occupation qualifies as past relevant work if it was performed within the last fifteen years, lasted long enough for him or her to learn to do it, and produced enough income to qualify as substantial gainful activity. 20 C.F.R. §§ 404.1560(b)(1), 404.1565(a).

Relying on the VE's testimony, the ALJ determined that Plaintiff's past relevant work consisted of: (a) critical care registered nurse (DOT 075.364-010), (b) medical case manager (DOT 075.117-910), and (c) business trainer (DOT 166.227-010). (AR 22-23.) The ALJ then concluded that Plaintiff could perform her past relevant work as a medical case manager, reasoning as follows:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform the medical case manager position as generally performed. The testimony of the vocational expert is consistent with the DOT, and the undersigned accepts it. Accordingly, the claimant is able to perform the medical case manager position as generally performed.

(AR 23.)

While the ALJ relied on the occupation of medical case manager with DOT code 075.117-910, the VE testified to the occupation of case manager with DOT code 075.117-917. (AR 56.) There is no dispute that DOT code cited by the VE does not exist. (*See* ECF No. 23 at 2-3.) Because the VE's testimony was not consistent with the DOT, it could not support the ALJ's determination that Plaintiff could perform her past work. *See Sanchez v. Berryhill*, 2017 WL 5508515, at *7 (C.D. Cal. Nov. 16, 2017) (where VE identified a nonexistent DOT job code, VE's testimony did not constitute substantial evidence supporting the ALJ's step four finding); *see generally Massachi v. Astrue*, 486 F.3d 1149, 1154 (9th Cir. 2007) (in order to constitute substantial evidence supporting ALJ's decision, a VE's testimony must not conflict with DOT; if VE's testimony conflicts with DOT, the ALJ must resolve it).[3]

The Commissioner concedes that the ALJ committed error in this regard, but contends that the error was harmless because the VE's testimony identifies other occupations that Plaintiff could perform. (ECF No. 23 at 2-3.)

An error at step four may be found harmless when the ALJ makes an alternative step five finding that the claimant is capable of performing other work in the national economy. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008). Here, however, the ALJ ended his analysis at step four and did not make a finding that Plaintiff was capable of performing other jobs that existed in the national economy consistent with her RFC. (AR 23.) In support of the harmless error argument, the Commissioner points to the VE's testimony identifying other jobs Plaintiff could perform and the ALJ's "acceptance" of the VE's testimony. (*See* ECF No. 23 at 3.) Essentially, the Commissioner invites the Court to infer that the ALJ

---

[3] In addition, it appears that the conclusion that Plaintiff's performance of the case manager job for three months constituted "past relevant work" is not supported by substantial evidence. The VE described the occupation of medical case manager as having an SVP 7, which requires at least two years of education, training, or experience. Considering that Plaintiff discontinued the job after three months due to her impairments, her stint as a medical case manager is properly characterized as "an unsuccessful work attempt" that did not amount to "substantial gainful activity." As such, it cannot be considered "past relevant work." *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1221 n.1 (9th Cir. 2009).

would have adopted the VE's opinion and found Plaintiff not disabled at step five. The Court declines to do so.

The parties do not cite, nor has the Court found, any Ninth Circuit decision addressing the application of harmless error where, as here, a VE's testimony might support a step five finding of non-disability, but the ALJ did not make such a finding. *See Thornbrugh v. Berryhill*, 2018 WL 1509162, at *7 (D. Or. Mar. 27, 2018) (noting that the Ninth Circuit has not resolved the issue). District courts in this Circuit have reached different conclusions about whether a step four error may be harmless when the ALJ did not proceed to step five. Some have refused to apply harmless error, regardless of evidence indicating that the plaintiff's disability claim would have ultimately failed at step five. *See, e.g., Smith v. Colvin*, 2015 WL 276727, at *3 (C.D. Cal. Jan. 22, 2015); *Sheehan v. Colvin*, 2014 WL 3828396, at *7 (D. Ariz. Aug. 4, 2014); *Glover v. Astrue*, 2011 WL 1230045, at *9 (D. Or. Mar. 10, 2011), *report and recommendation adopted*, 2011 WL 1212233 (D. Or. Mar. 30, 2011); *see also Carolyn Braddock Townsend v. Colvin*, 2015 WL 6673677, at *9 (C.D. Cal. Oct. 30, 2015). Others, by contrast, have relied upon a VE's testimony that the claimant is capable of performing other work in the economy to fill the gap left by an ALJ's failure to make an explicit step five finding. *See Summers v. Astrue*, 2011 WL 1211860, at *3 (C.D. Cal. Mar. 30, 2011); *Hadnot v. Astrue*, 2008 WL 5048428, at *11–12 (N.D. Cal. Nov. 25, 2008), *aff'd on other grounds,* 371 Fed. Appx. 875 (9th Cir. 2010); *Cowan v. Astrue*, 2008 WL 2761684, at *10 (N.D. Cal. July 14, 2008).

This Court agrees with those courts concluding harmless error does not apply in circumstances like those presented here. To begin with, it is well settled that the Court may not uphold an ALJ's decision on a ground not actually relied on by the ALJ. *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012). Application of this rule is particularly pertinent here, in light of the fact that at step five, the burden shifts to the Commissioner. *See Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). Furthermore, contrary to the Commissioner's suggestion, the ALJ did not purport to

"accept" *all* of the VE's opinions. Indeed, the ALJ's decision does not mention, let alone adopt, the VE's testimony about Plaintiff's ability to perform any occupation other than the medical case manager occupation. (*See* AR 22-23.) Accordingly, the Court declines to affirm the ALJ's decision by reaching its own independent finding that Plaintiff can perform alternative occupations existing in the national economy. *See, e.g., Smith*, 2015 WL 276727, at *3; *Sheehan*, 2014 WL 3828396, at *7; *Glover*, 2011 WL 1230045, at *9; *see also Garcia v. Colvin*, 2013 WL 3321509, at *11 (N.D. Ill. June 28, 2013) (rejecting Commissioner's argument that the ALJ's step four finding was harmless error given the VE's testimony that the plaintiff could perform other work in the national economy, stating that "the ALJ did not make a step five finding and we cannot simply 'fill that gap'") (quoting *Getch v. Astrue*, 539 F.3d 473, 481 (7th Cir. 2008)).

Finally, the Commissioner's conclusory reference to the VE's testimony that Plaintiff could perform her prior relevant work as business trainer as generally performed fails for the same reason. Not only did the ALJ fail to find that Plaintiff could perform work as a business trainer, he did not even address the VE's testimony in this regard. (*See* AR 22-23.)

## REMEDY

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted).

Although the Court has found error as discussed above, the record on the whole is not fully developed, and factual issues remain outstanding. The issues concerning

7

Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act). Accordingly, the appropriate remedy is a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[4]

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

IT IS THEREFORE ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 10/26/2020

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[4] It is not the Court's intent to limit the scope of the remand.